**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SHEILA A. CALLAHAN, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO.  10-2179 |
| | : | |
| MICHAEL J. ASTRUE, Commissioner of | : | |
| Social Security, | : | |
| | : | |
| Defendant. | : | |
| | : | |

DuBOIS, J._____November 7, 2011
**M E M O R A N D U M**

## I.      INTRODUCTION

In this action, plaintiff Sheila A. Callahan seeks review of the final decision of the

Commissioner of Social Security ("the Commissioner") denying her claim for Disability

Insurance Benefits ("DIB").  The Court referred the case to United States Magistrate Judge

Elizabeth T. Hey.  Magistrate Judge Hey issued a Report and Recommendation ("R & R") on

September 26, 2011, recommending that plaintiff's Request for Review be granted and the case

be remanded to defendant for further proceedings pursuant to the fourth sentence of 42 U.S.C.

§ 405(g).

Presently before the Court are defendant's Objections to the R & R.  The Court approves

and adopts the R & R as modified in this Memorandum and grants plaintiff's Request for

Review.  The Court writes only to explain its decision to overrule defendant's Objections and to

comment on the part of the R & R pertaining to the Administrative Law Judge's ("ALJ's") duty

to develop the record.

## II.    BACKGROUND

The background of this case is set forth in detail in the R & R and will be recited in this Memorandum only as necessary to address the issues presented by defendant's Objections.

Plaintiff applied for DIB on August 2, 2007.  Her alleged disability results from degenerative joint disease, arthritis, hepatitis C, and mental impairments.  (Administrative Record ("Admin. Rec.") 12, 101.)  The disputes before the Court primarily concern plaintiff's mental impairments, including her history of alcohol and drug dependency, bipolar disorder, and severe depression.

In September 2007, psychiatrist Usha Kasturirangan began to treat plaintiff.  (Id. at 202.) In their sessions together, Dr. Kasturirangan noted that plaintiff was "cooperative," "stable," compliant with her medication, and coping well with family and financial stress.  (Def.'s Objections Report & Recommendation U.S. Magistrate Judge ("Def.'s Objs.") 3-4; Admin. Rec. 202.)  At some sessions, however, Dr. Kasturirangan also reported that plaintiff was in a depressed and anxious mood, complained of trouble sleeping and depression, and yearned for manic symptoms so that she could be more productive.  (Admin Rec. 253-54.)

Dr. Kasturirangan was pessimistic about plaintiff's capacity to work regularly.  In a letter to the Division of Social Security Disability dated March 31, 2008, she opined that plaintiff would be unable to work for at least one year.  (Admin. Rec. 202.)  On a psychiatric/psychological impairment questionnaire dated July 17, 2008, Dr. Kasturirangan wrote that plaintiff "experience[d] episodes of deterioration and decompensation in . . . work[-]like settings" and would likely be absent from work eight or nine times per month due to mental

health issues.  (Id. at 269-71.)  She rated plaintiff as "markedly limited" in nine work-related skills and "moderately limited" in two more.  (Id. at 266-69.)

After plaintiff's application for DIB was denied on November 19, 2007, she requested an administrative hearing.  The hearing took place on August 1, 2008, and the ALJ issued his decision on August 13, 2008.  The ALJ rejected Dr. Kasturirangan's opinion entirely, relying instead on a government-employed psychiatrist's more positive evaluation, which was based on plaintiff's written statements and medical records.  (Id. at 23-24, 179-94.)  Although he noted that if Dr. Kasturirangan's opinion were taken as true, "there would be no jobs that [plaintiff] could perform," the ALJ determined that plaintiff was "not disabled" within the meaning of the Social Security Act.  (Id. at 23-24.)

## III.    STANDARD OF REVIEW

Under the Social Security Act, a claimant is disabled if she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to . . . last for a continuous period of not less than twelve (12) months."  42 U.S.C. § 423(d)(1)(A); see also 20 C.F.R. § 404.1505.  The Commissioner uses a five-step analysis to evaluate disability claims.  This requires the Commissioner to consider, in sequence, whether a claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can perform past relevant work; and (5) if not, can perform other work in view of her age, education, and work experience.  20 C.F.R. § 404.1520; see also Williams v. Sullivan, 970 F.2d 1178, 1180 (3d Cir. 1992).

The claimant bears the initial burden of proving the existence of a disability.  42 U.S.C.

§ 423(d)(5).  To satisfy this burden, a claimant must establish an inability to return to her former

work.  Once the claimant makes this showing, the burden of proof shifts to the Commissioner to

show that the claimant, given her age, education, and work experience, has the ability to perform

specific jobs that exist in the economy.  Rossi v. Califano, 602 F.2d 55, 57 (3d Cir. 1979).

Judicial review of the Commissioner's final decision is limited.  This Court reviews the

Commissioner's final decision to determine whether it applies the correct legal standards and is

supported by substantial evidence.  Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999); Przegon

v. Barnhart, No. 04-5313, 2006 WL 562966, at *2 (E.D. Pa. Mar. 6, 2006).  "Substantial

evidence 'does not mean a large or considerable amount of evidence, but rather such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Hartranft v.

Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 565

(1988)).  "To determine whether a finding is supported by substantial evidence, [the Court] must

review the record as a whole."  Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431

(3d Cir. 1999) (citations omitted).

A district court makes a de novo determination of those portions of a magistrate judge's

R & R to which objection is made.  28 U.S.C. § 636(b)(1)(C).  The Court may "accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.;

see also Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).

## IV.   DISCUSSION

Defendant argues in his Objections that (1) the ALJ articulated legally sufficient reasons

for declining to accept Dr. Kasturirangan's opinion, (2) the Magistrate Judge's R & R was

insufficiently deferential to the ALJ's determination, and (3) the ALJ properly found plaintiff's

subjective complaints about her condition to be not fully credible.  The Court addresses each of defendant's objections to the R & R in turn.

    A.      Objection: The ALJ Properly Declined to Accept Dr. Kasturirangan's Opinion

    Defendant contends that the ALJ properly rejected Dr. Kasturirangan's opinion that plaintiff could not work.  According to defendant, "[p]laintiff's treatment notes demonstrate that she was functioning well despite situational stressors and improving with treatment . . . [so] the ALJ reasonably found that Dr. Kasturirangan's opinion was not supported by or consistent with [p]laintiff's treatment notes."  (Def.'s Objections Report & Recommendation U.S. Magistrate Judge ("Def.'s Objs.") 5.)  The Court disagrees.  As Magistrate Judge Hey recognized, under Third Circuit law, the supposed inconsistencies on which the ALJ relied do not justify rejecting a treating physician's opinion.

    "Treating physicians' reports should be accorded great weight . . . . An ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided."  Plummer, 186 F.3d at 429 (citations omitted).  "In choosing to reject the treating physician's assessment, an ALJ may not make 'speculative inferences from medical reports' [or reject the assessment] due to his or her own credibility judgments, speculation or lay opinion."  Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (citations omitted) (quoting Plummer, 186 F.3d at 429, and Frankenfield v. Bowen, 861 F.2d 405, 408 (3d Cir. 1988)).

    Moreover, as the Magistrate Judge recognized, evidence that a claimant is doing well in treatment does not contradict a treating physician's opinion that she is unable to work.  "[T]he

work environment is completely different from home or a mental health clinic. [A treating physician's] observation[] that [a patient] is 'stable and well controlled with medication' during treatment does not support the medical conclusion that [the patient] can return to work." Morales, 225 F.3d at 319.  For that reason, a treating physician's opinion that an individual cannot work may "not be supplanted by an inference gleaned from treatment records reporting on [plaintiff] in an environment absent of the stresses that accompany the work setting."  Id.; see also Brownawell v. Comm'r of Soc. Sec., 554 F.3d 352, 356 (3d Cir. 2008) (reiterating "the distinction between a doctor's notes for purposes of treatment and that doctor's ultimate opinion on the claimant's ability to work"); Nguyen v. Astrue, No. 06-3443, 2008 WL 200175, at *3 (E.D. Pa. Jan. 23, 2008) (holding that when an ALJ rejected a treating psychiatrist's opinion based on clinical notes that the plaintiff was doing well on medication, the ALJ improperly "substitute[d] his clinical judgment for that of the treating psychiatrist").  The ALJ thus erred in rejecting Dr. Kasturirangan's inability-to-work opinion on that basis.

Likewise, plaintiff's testimony that she sometimes performed domestic tasks such as caring for her children and doing chores does not contradict Dr. Kasturirangan's opinion that she could not work.  Defendant's Objections omit plaintiff's repeated statement that the domestic tasks occur only "on a good day[;] a lot of the time I'm unable to do these things so my friend or daughter drop my son off at daycare and I never get up." (Admin. Rec. 113.)  This explanation by plaintiff is important.  Plaintiff concedes that she might be able to sustain a full-time job for "a week or two" or even a month. (Id. at 39.)  However, "not too many bosses are willing to put up with [her]" when her bipolar disorder hits a "down stage." (Id. at 31, 39.)

The ALJ committed legal error when he refused to consider Dr. Kasturirangan's opinion,

because no record evidence contradicted that opinion.  The Court thus overrules defendant's first objection.

The Court does, however, narrow one related section of the R & R.  Magistrate Judge Hey wrote that, because Social Security proceedings are nonadversarial, the ALJ had a duty to develop the record: "to the extent the ALJ felt Dr. Kasturirangan's opinions regarding plaintiff's limitations and disability were contradicted by or were inconsistent with her own treatment notes, the ALJ should have attempted to further develop the record with respect to the treating psychiatrist's opinions."  (R & R 22-23.)  While the Court does not address this point in full because it is not necessary to the overruling of defendant's first objection, it is more broad than administrative regulations and Third Circuit case law would seem to support.

Judge Hey is correct that an ALJ has a duty to develop the record under some circumstances.  See 20 C.F.R. § 416.912(e)(1).  However, "the requirement for additional information is triggered only when the evidence from the treating medical source is <u>inadequate to make a determination</u> as to the claimant's disability."  <u>Thomas v. Barnhart</u>, 278 F.3d 947, 958 (9th Cir. 2002) (emphasis added), <u>cited in</u> <u>Johnson v. Comm'r of Soc. Sec.</u>, 529 F.3d 198, 205 (3d Cir. 2008).  The Court thus narrows this part of the R & R to include only circumstances in which the evidence a treating physician has provided is inadequate to determine whether the claimant is disabled.  In this case, the ALJ believed the evidence was adequate to make a determination that plaintiff was not disabled.  Thus, the ALJ was not required to develop the record further.

> B.      Objection: The R & R Was Insufficiently Deferential to the ALJ's Conclusions

Defendant's second objection is that Magistrate Judge Hey "ignored the standard of

review set forth in the Social Security Act by impermissibly re-weighing the evidence to find that the ALJ improperly evaluated Dr. Kasturirangan's opinion." (Def.'s Objs. 8.) Defendant asserts that the Magistrate Judge exceeded the Court's role of determining whether the ALJ's findings were supported by substantial evidence and whether the ALJ applied the law correctly. (Id.)

The Court overrules this objection. Magistrate Judge Hey did not reweigh the evidence. Rather, she properly applied Third Circuit case law in determining that, because the ALJ erroneously rejected the opinion of plaintiff's treating physician, his decision was not supported by substantial evidence. See, e.g., Brownawell, 554 F.3d at 355 (applying the substantial-evidence standard to reverse a denial of benefits based on the same conclusion); Morales, 225 F.3d at 317, 319, 320 (same).

C.     Objection: The ALJ Properly Concluded That Plaintiff's Subjective Complaints Were Not Fully Credible

Defendant's final objection is that the ALJ properly concluded that plaintiff's subjective complaints about her condition were not fully credible. (Def.'s Objs. 9.) Defendant argues that plaintiff's testimony and other evidence—for example, plaintiff's ability to perform household chores and cope with situational stressors, her "essentially normal" mental status at her appointments with Dr. Kasturirangan, and her responsiveness to medication—undermined her contention that her bipolar disorder created "disabling functional limitations." (Id.) Magistrate Judge Hey did not address this issue in her R & R, because she reasoned that reconsideration of Dr. Kasturirangan's opinion "would necessarily affect the ALJ's assessment of [p]laintiff's credibility." (R & R 24.)

The Court overrules defendant's objection as to this issue. Since Dr. Kasturirangan's

opinions reinforce plaintiff's statements about her condition, they enhance plaintiff's credibility

when given their proper weight.  Defendant should thus reassess the credibility of plaintiff's

subjective complaints on remand.

**V.      CONCLUSION**

For the foregoing reasons, defendant's Objections are overruled.  The R & R is approved

and adopted as modified in this Memorandum, and plaintiff's Request for Review is granted.

The matter is remanded to the Commissioner for further proceedings consistent with the

R & R of Magistrate Judge Hey dated September 26, 2011, pursuant to the fourth sentence of 42

U.S.C. § 405(g).  An appropriate Order follows.